# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| PETER SPROGIS, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) ) C.A. No. 12-1352-SLR |
| JVL VENTURES, LLC, | ) ) |
| Defendant. | ) ) ) |

### DEFENDANT JVL VENTURES, LLC'S
### OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS THE INDIRECT
### INFRINGEMENT CLAIMS OF PLAINTIFF'S FIRST AMENDED COMPLAINT

*Of Counsel*:

A. John P. Mancini
Amr O. Aly
MAYER BROWN LLP
1675 Broadway
New York, NY  10019
(212) 506-2500
jmancini@mayerbrown.com
aaly@mayerbrown.com

*Attorneys for Defendant JVL Ventures, LLC*

Dated:  April 8, 2013

Collins J. Seitz, Jr. (Bar No.2237)
Benjamin J. Schladweiler (Bar No. 4601)
SEITZ ROSS ARONSTAM & MORITZ LLP
100 S. West Street, Suite 400
Wilmington, DE  19801
(302) 576-1600
cseitz@seitzross.com
bschladweiler@seitzross.com

*Attorneys for Defendant JVL Ventures, LLC*

# **TABLE OF CONTENTS**

Page

NATURE AND STAGE OF THE PROCEEDING ............................................................... 1

SUMMARY OF ARGUMENT ............................................................................................ 1

STATEMENT OF FACTS ................................................................................................... 1

ARGUMENT ........................................................................................................................ 3

I.  LEGAL STANDARD FOR A MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6) ..................................................................................................................... 3

II. THE AMENDED COMPLAINT FAILS TO STATE A CLAIM FOR INDIRECT INFRINGEMENT ............................................................................................................ 4

    A.    The Amended Complaint Does Not Allege Sufficient Facts Demonstrating Knowledge of the '271 Patent, Thereby Precluding Indirect Infringement. ........ 6

    B.    The Amended Complaint Does Not Allege Sufficient Facts or Plead the Requisite Knowledge and Intent Necessary To State A Claim For Induced Infringement ........................................................................................................ 7

    C.    The Amended Complaint Does Not Allege Sufficient Facts or Plead The Requisite Knowledge Necessary To State A Claim For Contributory Infringement ........................................................................................................ 8

III. CONCLUSION .................................................................................................................. 9

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Aeritas, LLC v. Alaska Air Group, Inc.*,
   C.A. No. 11-967-SLR, 2012 WL 4470386 (D. Del. Sept. 28, 2012) ..............................4, 7, 8

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ............................................................................................... passim

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................................... passim

*DSU Med. Corp. v. JMS Co.*,
   471 F.3d 1293 (Fed. Cir. 2006) (en banc in part) .................................................................6

*EON Corp. IP Holdings LLC v. FLO TV Inc.*,
   802 F. Supp. 2d 527 (D. Del. 2011) ...................................................................................5, 7

*Global-Tech Appliances, Inc. v. SEB S.A.*,
   563 U.S. __ , 131 S. Ct. 2060 (2011) ..............................................................................5, 7, 9

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
   681 F.3d 1323 (Fed. Cir. 2012) .........................................................................................4, 7, 8

*InvestPic, LLC v. FactSet Research Sys., Inc.*,
   C.A. No. 10-1028-SLR, 2011 WL 4591078 (D. Del. Sept. 30, 2011) ....................................5

*Mallinckrodt Inc. v. E-Z-EM Inc.*,
   670 F. Supp. 2d 349 (D. Del. 2009) ................................................................................6, 8, 9

*Minkus Elec. Display Sys. Inc. v. Adaptive Micro Sys. LLC*,
   C.A. No. 10-666, 2011 WL 941197 (D. Del. Mar. 16, 2011) ...............................................6, 7

*Santiago v. Warminster Twp.*,
   629 F.3d 121 (3d Cir. 2010) .....................................................................................................3

*Sprogis v. Google Inc.*,
   C.A. No. 12-1351 (SLR) ..........................................................................................................1

*Stephenson v. Game Show Network LLC*,
   C.A. No. 12-614-SLR, 2013 WL 1226915 (D. Del. Mar. 27, 2013) ...................................5, 6

*Superior Indus., LLC v. Thor Global Enters. Ltd.*,
   700 F.3d 1287 (Fed. Cir. 2012) ................................................................................................4

*TI Grp. Auto. Sys., Inc. v. VDO N. Am. L.L.C.*,
   C.A. No. 00-432, 2002 WL 484838 (D. Del. Mar. 7, 2002) ....................................................7

*Walker Digital, LLC v. Facebook, Inc.*,
    852 F. Supp. 2d 559 (D. Del. 2012) ................................................................................. 8, 9

*Xpoint Techs., Inc. v. Microsoft Corp.*,
    730 F. Supp. 2d 349 (D. Del. 2010) ........................................................................... 5, 7, 8, 9

**STATUTES**

35 U.S.C. § 271 ................................................................................................................................ 4

35 U.S.C. § 271(b) ........................................................................................................................... 4

35 U.S.C. § 271(c) ....................................................................................................................... 4, 9

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 8(a)(2) ......................................................................................... 3

Federal Rule of Civil Procedure 12(b)(6) .................................................................................. 1, 3

NATURE AND STAGE OF THE PROCEEDING

Plaintiff Peter Sprogis filed this action against JVL Ventures, LLC (d/b/a Isis) ("Isis") alleging direct and indirect infringement of U.S. Patent No. 7,298,271 ("the '271 patent"). Isis now moves to dismiss the allegations of indirect infringement for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).[1]

SUMMARY OF ARGUMENT

Sprogis' first amended complaint (the "Amended Complaint") (D.I. 6) alleges indirect infringement of the asserted patent by way of a single sentence – namely, that "JVL has infringed and continues to infringe, contribute to the infringement of, or induce the infringement of those claims either literally or under the doctrine of equivalents." (Amended Compl. ¶ 11.) This threadbare assertion of indirect infringement utterly fails to meet the pleading requirement for induced or contributory infringement. Accordingly, the indirect infringement claims of the Amended Complaint should be dismissed.

STATEMENT OF FACTS

On October 23, 2012, the plaintiff filed an Original Complaint alleging infringement of the '271 patent. (D.I. 1). On February 13, 2013, the plaintiff filed a First Amended Complaint alleging infringement of the same patent. The accused devices named in the Amended Complaint are a mobile payment system called the Isis Mobile Wallet as well as a feature called "Clip to Isis." (Amended Compl. ¶¶ 7-9.)

---

[1]  On the same day that this suit was instituted, the plaintiff filed a complaint in this district against Google also alleging infringement of the '271 patent. *Sprogis v. Google Inc.*, C.A. No. 12-1351 (SLR). Google has filed a motion to dismiss the indirect infringement claims alleged in that case.

The '271 patent purports to describe and claim a method and apparatus for providing awards using electronic data storage elements such as radio frequency identification ("RFID") tags. The '271 patent contains 45 claims, including 6 independent claims. The Original Complaint purports to allege direct, contributory, or induced infringement of nine of these claims. (Original Compl. ¶ 10.) The Amended Complaint expanded the number of claims at issue, purporting to allege direct, contributory, or induced infringement of 27 claims. (Amended Compl. ¶ 11.)

The indirect infringement allegations in the Amended Complaint, which are nearly identical to the allegations in the Original Complaint, are limited to a single sentence:

> By making, operating, using and/or selling such an application and/or service, JVL has infringed and continues to infringe, contribute to the infringement of, or induce the infringement of those claims either literally or under the doctrine of equivalents.

(Amended Compl. ¶ 11.) The Amended Complaint does not identify how Isis supposedly contributed to or induced infringement of the 27 asserted claims. Rather, the Amended Complaint simply recites a boilerplate legal conclusion wholly devoid of any factual detail that could place Isis on notice as to how it allegedly has indirectly infringed any of the 27 asserted claims, and thus that could support the Amended Complaint's allegations of indirect infringement.

2

ARGUMENT

I.   LEGAL STANDARD FOR A MOTION TO DISMISS UNDER FED. R. CIV. P. 12(B)(6)

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). Courts evaluate the sufficiency of the allegations in a complaint at the outset of the litigation because a "basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 558 (citations omitted).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege facts that, when taken as true, amount to "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted). A plaintiff's obligation to provide fair notice of what the claim is and the grounds on which it rests thus "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555); *accord Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010) ("[W]e disregard legal conclusions and recitals of the elements of a cause of action, supported by mere conclusory statements." (citation omitted)).

In determining whether a plaintiff has stated a claim for indirect infringement of a patent, the plausibility standards of *Iqbal* and *Twombly* govern. Although the more formulaic requirements set forth in Form 18 of the Appendix of Forms to the Federal Rules of Civil Procedure apply to claims of direct patent infringement, the Federal Circuit has held that Form 18 does not apply to claims of indirect infringement. *See In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1334, 1337 (Fed. Cir. 2012) (holding allegations of direct infringement are adequately pled if they conform with "the specificity required by Form 18," but that "because Form 18 addresses only direct infringement, we must look to Supreme Court precedent for guidance regarding the pleading requirements for claims of indirect infringement"); *Superior Indus., LLC v. Thor Global Enters. Ltd.*, 700 F.3d 1287, 1295 (Fed. Cir. 2012) ("Form 18 does not determine the sufficiency of pleading for claims of indirect infringement. Rather, the pleading requirements set forth in *Bell Atl. Corp. v. Twombly* . . . and *Ashcroft v. Iqbal* . . . apply to such claims.") (citations omitted). Courts in this district have adopted this holding and noted that evaluating a motion to dismiss a claim of indirect infringement is thus a "context-specific task" that requires the court to evaluate whether the complaint states a "plausible" claim for relief. *Aeritas, LLC v. Alaska Air Group, Inc.*, C.A. No. 11-967-SLR, 2012 WL 4470386, at *2 (D. Del. Sept. 28, 2012).

II. THE AMENDED COMPLAINT FAILS TO STATE A CLAIM FOR INDIRECT INFRINGEMENT

There are two types of indirect infringement: active inducement and contributory infringement. 35 U.S.C. § 271. Liability for induced infringement under 35 U.S.C. § 271(b) requires that the alleged infringer "actively induce[] infringement of a patent." An alleged infringer is liable for contributory infringement of a patent under 35 U.S.C. § 271(c) for selling, offering to sell, or importing into the United States "a component of an infringing product

4

knowing the component to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use." *Xpoint Techs., Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 356 (D. Del. 2010) (internal quotations omitted). As the Supreme Court has made clear, both forms of indirect infringement claims require not only ***knowledge of the patent*** but also ***knowledge that the alleged acts constitute infringement*** of that patent. *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. __ , 131 S. Ct. 2060, 2068-69 (2011).

To properly plead a claim for indirect infringement, knowledge of the patent and intent to commit indirect infringement must be alleged in the complaint. *EON Corp. IP Holdings LLC v. FLO TV Inc.*, 802 F. Supp. 2d 527, 535 (D. Del. 2011) (noting the court's "heightened pleading requirement for indirect infringement claims" and its practice of requiring a plaintiff's complaint to allege both knowledge and intent for indirect infringement claims to survive a motion to dismiss); *InvestPic, LLC v. FactSet Research Sys., Inc.*, C.A. No. 10-1028-SLR, 2011 WL 4591078, at *1 (D. Del. Sept. 30, 2011) (noting that a plaintiff pleading an indirect infringement claim must state facts in support of that claim, not just legal conclusions). Claims for indirect infringement should be dismissed when the plaintiff fails to provide any factual basis and instead relies merely on conclusory allegations. *See Stephenson v. Game Show Network LLC*, C.A. No. 12-614-SLR, 2013 WL 1226915, at *6 (D. Del. Mar. 27, 2013) (dismissing indirect infringement claims because "plaintiff has provided no factual basis for the conclusory allegations as to indirect infringement").

The *Game Show Network* ("*GSN*") case, in which this Court recently dismissed a claim for indirect infringement, is particularly instructive here. The *GSN* defendants received notice of the asserted patent through a letter from plaintiff's counsel eight months before the complaint

5

was filed. *Id.* As here, the complaint contained a single sentence alleging indirect infringement, stating that defendants "have infringed claims of the asserted patent and, unless enjoined from doing so, will continue to do so by using, selling, or offering for sale [plaintiff's] patented technology **and by inducing and contributing to infringement** of the [asserted] patent." *Id.* (emphasis in original). In its opinion, this Court determined there was no factual basis for the conclusory allegations in the complaint and dismissed plaintiff's indirect infringement claim.

Similar to the *GSN* case, the Amended Complaint fails to meet the pleading requirements for indirect infringement. As noted, the Original Complaint generically alleged that Isis "has infringed and continues to infringe, contribute to the infringement of, or induce the infringement of" the asserted claims of the '271 patent either literally or under the doctrine of equivalents. (Original Compl. ¶ 10.) The allegations in the Amended Complaint provide no additional factual detail, instead reciting the same conclusory language of the Original Complaint. (*See* Amended Compl. ¶ 11.) Accordingly, the indirect infringement claim should be dismissed.

> A. The Amended Complaint Does Not Allege Sufficient Facts Demonstrating Knowledge of the '271 Patent, Thereby Precluding Indirect Infringement.

The Amended Complaint does not allege sufficient facts to support a plausible claim that Isis actually knew of the '271 patent before suit was filed, in direct contradiction to Federal Circuit holdings. *See DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1304 (Fed. Cir. 2006) (en banc in part) (holding that a claim for indirect infringement "necessarily includes the requirement that [the defendant] knew of the patent"); *see also Mallinckrodt Inc. v. E-Z-EM Inc.*, 670 F. Supp. 2d 349, 354 (D. Del. 2009). Mere "statements of defendants' knowledge are insufficient to state a claim" for indirect infringement; a "specific allegation" is required.[2]

---

[2] Courts in this district have routinely dismissed indirect infringement claims that fail to "allege sufficient facts that would allow the court to infer that defendants had any knowledge

*Minkus Elec. Display Sys. Inc. v. Adaptive Micro Sys. LLC*, C.A. No. 10-666, 2011 WL 941197, at *3 (D. Del. Mar. 16, 2011).

Nowhere in the Amended Complaint is it asserted that Isis' alleged infringement was done with actual or even constructive knowledge of the '271 patent. Moreover, even if the Amended Complaint had alleged "constructive knowledge," such an allegation would not suffice to state a claim of indirect infringement. *See Global-Tech*, 131 S. Ct. at 2069 (requiring actual knowledge, or at least willful blindness, for indirect infringement). Accordingly, because the Amended Complaint fails to assert a plausible claim that Isis knew of the '271 patent (or was willfully blind to it), the indirect infringement claims should be dismissed.

> B.   The Amended Complaint Does Not Allege Sufficient Facts or Plead the Requisite Knowledge and Intent Necessary To State A Claim For Induced Infringement.

"[A] plausible claim for relief [for induced infringement] must include facts sufficient to allow an inference that the alleged infringer has 'knowledge that the induced acts constitute patent infringement.'" *Aeritas*, 2012 WL 4470386, *2 (quoting *Global-Tech*, 131 S. Ct. at 2068); *see also TI Grp. Auto. Sys., Inc. v. VDO N. Am. L.L.C.*, C.A. No. 00-432, 2002 WL 484838, at *2 (D. Del. Mar. 7, 2002) (induced infringement claims must "adequately set forth facts to meet the intent element"). The Amended Complaint pleads no facts that could support such an allegation.

Consistent with the heightened pleading standard of *Twombly* and *Iqbal*, allegations of specific intent to induce infringement must be plausible to survive a motion to dismiss. *In re Bill*

---

of the [asserted] patent at the time they were committing the allegedly infringing activities." *EON*, 802 F. Supp. 2d at 535; *accord Minkus*, 2011 WL 941197, at *3; *Xpoint*, 730 F. Supp. 2d at 357 ("[P]laintiff at bar fails to allege sufficient facts that would allow the court to infer that [the defendants] had any knowledge of the [asserted] patent at the time they were committing the allegedly infringing activities.").

*of Lading*, 681 F.3d at 1339 (holding that to survive a motion to dismiss, a patentee must plead facts "plausibly showing that [the alleged infringer] specifically intended [its] customers to infringe the [patent-in-suit] and knew that the customer's acts constituted infringement"); *see also Aeritas*, 2012 WL 4470386, at *2 (same).

Nowhere in the Amended Complaint is it alleged that Isis actually knew or should have known of the '271 patent before this lawsuit was filed. Nor does the Amended Complaint allege that Isis knew or should have known that its own activities might implicate the '271 patent, much less that it knowingly induced another's infringement of the '271 patent. Indeed, the closest that the Amended Complaint comes to so alleging is its threadbare assertion that Isis "has infringed and continues to infringe, contribute to the infringement of, *or induce the infringement of*" the asserted claims of the '271 patent. (Amended Compl. ¶ 11 (emphasis added).) This unsupported allegation is simply insufficient to properly state a claim for induced infringement. Accordingly, the allegations of induced infringement should be dismissed.

> C. The Amended Complaint Does Not Allege Sufficient Facts or Plead The Requisite Knowledge Necessary To State A Claim For Contributory Infringement.

Regarding contributory infringement, a complaint must allege that Isis "(1) had knowledge of the patent; (2) sold products especially made for infringing use; (3) had knowledge of the infringing use; (4) sold products with no substantial non-infringing use; and (5) directly infringed." *Walker Digital, LLC v. Facebook, Inc.*, 852 F. Supp. 2d 559, 566 (D. Del. 2012). Failing this, claims of contributory infringement should be dismissed. *See, e.g., Xpoint*, 730 F. Supp. 2d at 356; *Mallinckrodt*, 670 F. Supp. 2d at 354-55. Here, the Amended Complaint not only fails to allege the basic requirement of knowledge of the patent, but also fails to allege that Isis' accused products were "especially made for infringing use," that Isis had knowledge of any alleged infringing use, and that Isis' accused products have no substantial non-infringing use.

But "a violator of § 271(c) ***must know*** 'that the combination for which his component was especially designed was both patented and infringing.'" *Global-Tech*, 131 S. Ct. at 2067 (emphasis added) (citations omitted; *see also Walker Digital*, 852 F. Supp. at 566.

The Amended Complaint alleges no facts whatsoever from which it can be adduced that Isis had any such knowledge of these essential elements, and instead contains only a conclusory allegation that Isis "has infringed and continues to infringe, ***contribute to the infringement of***, or induce the infringement of" the '271 patent.  (Amended Compl. ¶ 11) (emphasis added).) Therefore, its contributory infringement allegation is deficient and should not survive this motion to dismiss.

### III. CONCLUSION

Because the Amended Complaint has not pled facts that support a plausible claim for any form of indirect infringement, the indirect infringement claims should be dismissed.

Respectfully submitted,

SEITZ ROSS ARONSTAM & MORITZ LLP

*Of Counsel*:

A. John P. Mancini
Amr O. Aly
MAYER BROWN LLP
1675 Broadway
New York, NY  10019
(212) 506-2500
jmancini@mayerbrown.com
aaly@mayerbrown.com

*Attorneys for Defendant JVL Ventures, LLC*

 */s/ Collins J. Seitz, Jr.*
Collins J. Seitz, Jr. (Bar No. 2237)
Benjamin J. Schladweiler (Bar No. 4601)
100 S. West Street, Suite 400
Wilmington, DE  19801
(302) 576-1600
cseitz@seitzross.com
bschladweiler@seitzross.com

*Attorneys for Defendant JVL Ventures, LLC*

Dated:  April 8, 2013

# **CERTIFICATE OF SERVICE**

I, Collins J. Seitz, Jr., hereby certify that on April 8, 2013, I caused ***Defendant JVL Ventures, LLC's Opening Brief in Support of its Motion to Dismiss the Indirect Infringement Claims of Plaintiff's First Amended Complaint*** to be served to the following individuals in the manner indicated:

| **VIA ELECTRONIC MAIL** | **VIA ELECTRONIC MAIL** |
|---|---|
| Richard K. Herrmann<br>Kenneth Laurence Dorsney<br>MORRIS JAMES LLP<br>500 Delaware Avenue, Suite 1500<br>P.O. Box 2306<br>Wilmington, DE 19899-2306<br>(302) 888-6800<br>rherrmann@morrisjames.com<br>kdorsney@morrisjames.com<br><br>*Attorneys for Plaintiff Peter Sprogis* | Edward W. Goldstein<br>GOLDSTEIN LAW PLLC<br>1177 West Loop South<br>Suite 400<br>Houston, TX 77027<br>(713) 877-1515<br>egoldstein@gliplaw.com<br><br>*Attorney for Plaintiff Peter Sprogis* |

                                         */s/ Collins J. Seitz, Jr.*
                                         Collins J. Seitz, Jr. (Bar No. 2237)