**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| PETER SPROGIS, an individual<br><br>Plaintiff,<br><br>vs.<br><br>JVL Ventures, L.L.C., a Delaware limited liability company,<br><br>Defendant. | Civil Action No. 1:12-cv-01352-SLR<br><br>**DEMAND FOR JURY TRIAL** |

## SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Peter Sprogis ("Plaintiff" or "Sprogis"), files this second amended complaint against JVL Ventures, L.L.C. ("Defendant" or "JVL") with the consent of JVL, alleging as follows:

## THE PARTIES

1. Plaintiff Peter Sprogis, an individual, is a citizen of Canada. Plaintiff resides at 4673 Woodburn Road, West Vancouver, British Columbia, V7S 2W7, Canada.

2. On information and belief, JVL is a limited liability company organized and existing under the laws of the State of Delaware, and has a principal place of business at 230 Park Avenue, 28th Floor, New York, NY 10169. On information and belief, JVL has offices in Dallas, Texas. JVL may be served with process by serving its registered agent, CT Corporation System at 111 Eighth Avenue, New York, NY, 10011.

## JURISDICTION & VENUE

3. This is an action for infringement of a United States patent. Accordingly, this action arises under the patent laws of the United States of America, 35 U.S.C. § 1 *et seq.*, and jurisdiction is properly based on 35 U.S.C. § 271 and 28 U.S.C. § 1338(a).

4. Venue is proper in this district under 28 U.S.C. §§ 1391(b-c) and 1400(b). Upon information and belief, JVL transacts or has transacted business in this district, or committed and/or induced acts of patent infringement in this district.

**PATENT INFRINGEMENT COUNT**

5. On November 20, 2007, United States Patent No. 7,298,271 ("the '271 patent") entitled "Method and Apparatus for Providing Awards Using Transponders" was duly and legally issued. Plaintiff is the inventor and holds the right to sue for past, present, and future damages. A copy of the '271 patent is attached as Exhibit A. The '271 patent is directed to a method and system for providing awards to participants utilizing electronic data storage elements, such as radio frequency identification ("RFID") tags.

**JVL's Knowledge of the '271 Patent**

6. Prior to the date of the filing of this litigation, JVL was aware of the existence of the '271 patent.

7. In early 2010, Robert Sprogis was working for MoLo Rewards, which utilized the technology described in the '271 patent.

8. In early 2010, Robert Sprogis corresponded with JVL's technical consultant, Mr. Ming-Li Lu, concerning the technology described in the '271 patent. Robert Sprogis directed Mr. Lu's attention to the '271 patent.

9. Prior to the filing of this litigation, Mr. Lu on behalf of JVL, and Robert Sprogis, continued their discussions concerning the '271 patent and JVL's consideration of using the technology.

10. Prior to the initiation of this litigation, Robert Sprogis also worked for JVL. During the time Robert Sprogis performed work for JVL, JVL continued to discuss the '271

patent with him.

11. Additionally, JVL later became aware of the ‘271 patent again shortly after October 23, 2012, when Plaintiff filed the original complaint in this case.

**Infringement of the ‘271 Patent**

12. JVL, offers its customers a smartphone-based mobile payment system called the Isis Mobile Wallet.

13. JVL sells and/or distributes software by the name of Isis Mobile Wallet (“Isis”). The Isis system enables smartphone users to make payments and redeem customer loyalty rewards by transmitting information from a near field communications (“NFC”) chip in a smartphone to an NFC reader at a merchant’s register. To use Isis, a user must first associate a payment card with an Isis account. The payment card is a credit or debit card, usually one that rewards transactions with airline miles, cash back, rewards points, and the like. Isis encrypts the credentials of the compatible payment card and transmits the encrypted information to a smartphone, which runs the Isis smartphone application. The encrypted information is stored in a secure microchip in the smartphone. During a transaction, the smartphone user initiates the Isis Mobile Wallet application and allows a nearby NFC reader to read the encrypted payment information stored in the smartphone. After the NFC reader transmits the payment information to the payment server and a transaction is completed, the smartphone user receives an appropriate reward, such as airline miles, cash back, rewards points, and the like.

14. JVL’s Isis Mobile Wallet system enables smartphone users to redeem discounts and offers by transmitting discount and offer information from an NFC chip in a smartphone to an NFC reader at a merchant’s register. An Isis user may acquire discount and offer information on his/her smartphone by downloading the information, reading NFC tags, or other means. The

discounts and offers are stored in the smartphone. In order to redeem a discount or offer, the smartphone user initiates the Isis Mobile Wallet application and allows an in-store NFC reader to read the discount or offer information stored in the smartphone.

15. JVL uses marketing, including advertising and websites, to encourage customers, credit card issuers and merchants to engage in the Isis Mobile Wallet activities described above. JVL provides consumers with extensive directions and instructions on how to obtain and use an Isis Mobile Wallet to perform transactions using Isis Issuer Partner credit cards at participating merchants and receive awards, coupons and other incentives, using the methods described above.

16. For example, in 2012, JVL publicly promoted a series of internet accessible educational videos and a website. The JVL videos and website encourage, promote and instruct consumers how to acquire and use the Isis Mobile Wallet to obtain rewards and loyalty points using the steps, equipment and procedures described above. JVL's videos, website and other marketing information instruct consumers: how and where they can purchase an Isis Ready phone (which includes near field communication (NFC) capabilities) from AT&T, T Mobile and Verizon – the joint venture members of JVL; to download software (an App) on their Isis Ready phone so that it can be used as an Isis Mobile Wallet, how to identify whether a merchant accepts Isis payments and whether the merchant accepts and provides offers when the consumers use their Isis Mobile Wallets; how consumers add an Isis Issuer Partner payment card to their Isis Mobile Wallet; how consumers can add their loyalty cards to their Isis Mobile Wallet; how to obtain offers, discounts and loyalty points when they use their Isis Mobile Wallet to make payment transactions through Isis Issuer Partners at participating merchants; and how to obtain and redeem offers and loyalty points when using the Isis Mobile Wallet with participating merchants and Isis Issuer Partners. JVL provides these promotional and instructional materials

via the internet, using, for example, its www.paywithisis.com website. The activities described herein, where a customer associates his Isis Ready Wallet with award programs and Isis Issuer Partner credit cards, uses his Isis Ready Wallet to make a payment at a NFC terminal at a participating merchant and, as a part of the transaction, receives loyalty points, discounts for future purchases and other incentives, are acts which JVL specifically intended its customers, partners and participants to perform, notwithstanding the fact that JVL was aware or should have known that the above described transactions constitute infringement of the ‘271 patent.

17. JVL, through the same www.paywithisis.com website, through other websites, such as www.isisforbusiness.com, and through other instructional and promotional materials it sends to directly to merchants, encourages merchants to become “Isis Ready Merchants” and provides these merchants with instructions and directions on how to become an Isis Ready Merchant. JVL’s promotions, instructions and directions include information so that merchants can and will: engage Isis “partners” who will provide the merchants with point of sale hardware and software, including NFC readers, for deploying JVL’s “Isis Mobile Commerce Platform;” read information on customers’ Isis Mobile Wallets using the NFC readers on the point of sale hardware; perform transactions for customers who pay with the Isis Mobile Wallet using an Isis Issuing Partner credit cards, such as American Express, Barclaycard, Capital One and Chase; and thereby provide the customers with loyalty points, coupons or other incentives as part of their transactions.

18. JVL uses its promotional materials, instructions and directions to encourage and induce merchants to accept payments using the Isis Mobile Wallet from Isis Issuer Partner credit cards, to obtain necessary NFC-enabled equipment from Isis partners, to participate in the loyalty programs connected to use of the Isis Mobile Wallet, and to provide customers with loyalty and

other rewards, as described above. JVL does this notwithstanding the fact that using the Isis Mobile Wallet to perform the transactions described above constitutes infringement of the '271 patent and that JVL knew or should have known that these actions would induce actual infringement of the '271 patent.

19. JVL has performed, encouraged and induced the activities of both the merchants and customers described in the preceding paragraphs after the date JVL was aware of the '271 patent and after the date JVL was aware, knew or should have known that the activities it was promoting, inducing and encouraging would constitute inducing infringement of the '271 patent.

20. JVL's Isis Mobile Wallet's Clip to Isis feature has customers use their NFC enabled smartphone read information from NFC tags and use the information to contact an award processing center which provides the customer with coupons and awards.

21. The Clip to Isis feature described above, in which a customer obtains an Isis Mobile Wallet NFC enabled telephone, the customer uses the telephone to read information on a NFC tag, uses the information which the NFC enabled telephone reads from the smart tag to contact an award processing center, and then obtains an award from the processing center, constitutes infringement of the '271 patent.

22. JVL promotes, encourages and instructs its customers to use the infringing Clip to Isis feature through marketing programs on the internet, including through videos provided through JVL's www.paywithisis.com website and JVL videos posted on the internet. The JVL videos encourage and instruct them to tap their NFC enabled Isis Wallet telephones against NFC storage elements or "smart tags" in order to obtain discounts and other incentives from merchants who provide awards. JVL provides these instructions and encouragements, notwithstanding the fact that JVL was aware of the '271 patent and has been aware that or should

have known that the Clip to Isis system described above constitutes infringement of the '271 patent.

23. JVL promotes its Clip to Isis feature, for example, in its internet based marketing materials as follows: "You can use the Clip to Isis feature to send offers from participating merchants to your Isis Mobile Wallet™. On the web you may see a Clip to Isis icon that lets you select an offer and have it delivered directly to your Isis Wallet. You can also use your phone to bar code scan or tap any Near Field Communications (NFC) enabled ad where the Clip to Isis icon is shown."

24. JVL also provides promotional information, advertising materials and implementation instructions to merchants directly and through the internet, including through its website, www.isisforbusiness.com, on how these merchants can implement the Clip to Isis features.

25. For example, JVL promotes its Clip to Isis system in an "advertorial" which explains to merchants not only the benefits of deploying Clip to Isis smart posters, (posters which include an NFC readable smart tag which consumers read with their Isis Mobile Wallets), but also explains that the merchants can access and implement Clip to Isis smart poster marketing through JVL's Isis campaign portal: "Merchants will have access to a campaign portal to devise their own marketing campaigns tailored to their specific needs. Additionally, merchants will have access to other Isis tools such as smart posters. These posters will allow merchants to preprogram offers, coupons and other information into a RFID tag at optimal locations within and outside of their stores for consumers to then access and redeem on their mobile devices. Smart posters give the grocer the ability to communicate directly with consumers about a particular product at a particular location and time, driving consumer

behavior in and around their store. To illustrate this impact, consider a convenience store that wants to drive consumers from the gas pumps into their store. They could place smart posters on the pump with offers for hot coffee on a chilly morning or cold soda on a warm afternoon that consumers can tap with their phone and bring into the store for redemption." JVL provides these instructions and encouragements to merchants for implementing Clip to Isis, notwithstanding the fact that JVL was aware of the '271 patent and is aware or should have known that using the Clip to Isis system described above constitutes infringement of the '271 patent.

26. Accordingly, JVL's acts of infringement of the '271 patent, as alleged above, have injured Plaintiff and, thus, Plaintiff is entitled to recover damages adequate to compensate it for JVL's acts of infringement, which in no event can be less than a reasonable royalty.

27. JVL, on information and belief, utilizes a method and system for providing awards to participants that that infringes at least claims 1, 2, 3, 8, 9, 11, 13, 14, 18, 19, 20, 21, 22, 23, 25, 26, 28, 29, 33, 35, 37, 38, 39, 42, 43, 44, and 45 of the '271 patent by utilizing the features described in Paragraphs 12-25 on at least its Isis Mobile Wallet smartphone application and/or service. By making, operating, using and/or selling such an application and/or service, JVL has infringed and continues to infringe, those claims either literally or under the doctrine of equivalents.

28. On information and belief and as described herein, although JVL was aware of the '271 patent since at least early 2010, it knowingly and intentionally encourages consumers, its "partners," merchants and others to obtain and use Isis Mobile Wallets and their NFC capabilities to obtain awards, loyalty points, discounts and other incentives and perform the other acts described above using methods of which JVL was aware or should have been aware would constitute infringement of the '271 patent. These actions by JVL constitute an inducement to

infringe the '271 patent.

## DEMAND FOR JURY TRIAL

29. Plaintiff hereby demands a jury trial on all claims and issues.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for entry of judgment:

A. JVL has infringed one or more claims of the '271 patent, including but not limited to claims 1, 2, 3, 8, 9, 11, 13, 14, 18, 19, 20, 21, 22, 23, 25, 26, 28, 29, 33, 35, 37, 38, 39, 42, 43, 44, and 45, of the '271 patent;

B. JVL accounts for and pays to Plaintiff all damages caused by the infringement of the '271 patent, which by statute can be no less than a reasonable royalty;

C. that Plaintiff be granted pre-judgment and post-judgment interest on the damages caused to them by reason of JVL's infringement of the '271 patent;

D. that Plaintiff be granted such other and further relief as the Court may deem just and proper under the current circumstances.

DATED: 25 April 2013

Respectfully submitted,

/s/ *Richard K. Herrmann*

Richard K. Herrmann (#405)
Kenneth L. Dorsney (#3726)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-Mail: kdorsney@morrisjames.com
rherrmann@morrisjames.com

ATTORNEYS FOR PLAINTIFF

*Of Counsel:*

Edward W. Goldstein
Texas Bar No. 08099500
**GOLDSTEIN LAW, PLLC**
1177 West Loop South, Suite 400
Houston, Texas 77027
Telephone: (713) 877-1515
Facsimile: (713) 877-1737
E-Mail: egoldstein@gliplaw.com